IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00126-CV

 

The City of Waco,

                                                                                    Appellant

 v.

 

Armando Fuentes, III,

                                                                                    Appellee

 

 



From the 414th District Court

McLennan County, Texas

Trial Court No. 2003-875-3

 



ORDER










 

            The City of Waco appeals a monetary
judgment in favor of Armando M. Fuentes, III on a personal injury claim against
the City.  One of the issues presented on appeal pertains to the qualification
of Fuentes’s personal physician, Dr. Riggs, to testify about causation.

            The record on this issue appears to be
incomplete.  Portions of a deposition of Dr. Riggs appear to have been
considered by the trial court possibly as well as hand-written objections by
the City.  However, the appellate record does not currently include this
information; so it is difficult for this Court to know what the trial court
considered when determining whether to allow Dr. Riggs to testify about
causation.  So that no more judicial time and resources are needlessly consumed
by the Court in resolving this issue, the parties will be required to brief a
question for the Court:  May this Court require the trial court to complete the
record on appeal with the item or items considered by the trial court when
determining whether Dr. Riggs should be allowed to testify about causation?  Briefing
on this question, however will not be ordered at this time as discussed below.

            For the parties to properly brief the
above question, the parties may have to work with the trial court to identify
the item or items considered in determining the ability of Dr. Riggs to testify
about causation and determine the extent to which the items were retained by
the trial court or trial court clerk.  In order to accomplish this task, the
trial court may need to hold a hearing.  Because the trial court may need to
hold a hearing, this proceeding should be abated.

            However, before we abate this appeal
or proceed any further with the request for briefing, we find that this appeal
is appropriate for mediation.  See Tex.
Civ. Prac. & Rem. Code Ann. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

            The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, the City of Waco is ordered to file a notice with the Clerk of this
Court which either identifies the agreed-upon mediator or states that the
parties are unable to agree upon a mediator.  If the notice states that the
parties are unable to agree upon a mediator, this Court will assign a mediator.

            Mediation must occur within thirty
days after the date the above-referenced notice agreeing to a mediator is filed
or, if no mediator is agreed upon, within thirty days after the date of the
order assigning a mediator.

            No less than seven calendar days
before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the mediator
to understand the issues presented.  The mediator may require any party to
supplement the information required by this Order.

            Named parties must be present during
the entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

            Immediately after mediation, the
mediator must advise this Court, in writing, only that the case did or did not
settle and the amount of the mediator’s fee paid by each party.  The mediator’s
fees will be taxed as costs.  Unless the mediator agrees to mediate without
fee, the mediator must negotiate a reasonable fee with the parties, and the
parties must each pay one-half of the agreed-upon fee directly to the mediator.

            Failure or refusal to attend the
mediation as scheduled may result in the imposition of sanctions, as permitted
by law.  

            Any objection to this Order must be
filed with this Court and served upon all parties within ten days after the
date of this Order, or it is waived.           

            We refer this appeal to mediation. 

 

                                                                        PER
CURIAM




Before
Chief Justice Gray,

            Justice
Davis, and

            Judge
Littlejohn[1]

            (Justice
Davis concurring with a note)*

Referred
to mediation

Order
issued and filed July 14, 2010

Do
not publish

 

 

*           (”Justice
Davis joins only the referral to mediation.  He does not join the language of
the Order concerning briefing or abatement.”)









[1] The Honorable Janet P.
Littlejohn, Judge of the 150th District Court of Bexar County, sitting by
assignment of the Chief Justice of the Texas Supreme Court pursuant to section
74.003(h) of the Government Code.  See Tex.
Gov't Code Ann. § 74.003(h) (Vernon 2005).